2 N S 168
6 110 476

KUHN & AL. vs. ABAT & AL.

The sureties of an auctioner are liable for the value of goods, sold by him and a person, whom he has associated to his business.

If a suit be brought against the principal and his sureties and he fail in the mean while judgment may well be taken against the sureties.

APPEAL from the court of the parish and city of New Orleans.

Mathews, J. delivered the opinion of the court. In this case Durillet, an auctioneer, who had associated himself in business, with a person named Sagory, received goods to sell in his capacity of auctioneer aforesaid, for and on account of the plaintiffs; which they allege, in their petition, were sold, and the money arising on the sales, amounting to fourteen hundred and fifty-five dollars, eighty-four cents was not duly paid to them. The suit is instituted on the bond or recognizance, which was given by the auctioneer for the faithful performance of his duties, with the present defendants as sureties, each in an amount as stipulated in said instrument. The action originated in the district court, against both the principal and sureties, but was transferred

the parish court, in consequence of proceedings being then carried on by the obligor as an insolvent debtor, in the latter court; judgment was rendered against the sureties to the amount of one thousand, four hundred and fifty-two dollars, to be paid in proportion to the sum stipulated, by each one of them, in the bond.

From this they appealed.

The accounts rendered by Dutillet and Sagory, together with the testimony of a clerk, of the plaintiffs, which form the principal evidence in the cause, exhibited by the record, leave no doubt as to the sum which the auctioneer owed to them, at the time of his failure. But this, the counsel for the appellants insists, they are not bound to pay. 1st. Because the business seems to have been conducted by a commercial firm, styled Dutillet and Sagory; and not by the former alone, in his capacity of auctioneer. 2d. Because there is no judgment against the principal obligor. It is clear that the goods were placed in the hands of Dutillet and Sagory to be sold at auction, and that they were thus disposed of. None but persons, licensed for that purpose, can lawfully sell at auction: therefore, if they were properly sold,

it must be considered as the act of Dutillet, who alone had authority to make the sale; and the obligation, which he and his sureties contracted, in consequence of the privilege granted to him by the government, ought not be impaired by the circumstance of his having conducted the affairs of his office with the aid of a partner in the profits, any more than they would be, if he had acted by the assistance of a hired clerk. His situation, in relation to his partner, did not concern the public who applied to him as an auctioneer.

It would seem, from the record, that the suit was originally instituted against the principal debtor and the sureties. The judgment of the parish court is only against the latter. This we suppose was in consequence of the failure of the former; an in that view is correct, as further pursuit against him would have been evidently useless, and probably illegal, as the benefit of discussion was lost to the sureties by the insolvency of the principal debtor.

Judgment of affirmance to be made in form by the clerk.

*Ripley* for the plaintiffs, *Denis* for the defendants.